Turley, J.
delivered the opinion of the court.
The writ of certiorari is used in this State for the purpose of removing causes from an inferior to a superior court, for the purpose of having a new trial on the facts, where the party petitioning for it, has without his own neglect, been prevented from appealing; it is also sometimes used in connexion with the writ of supersedeas in the place of an audita querela, to give relief to the party against whom a judgment has been rendered in an inferior court, for causes which may have originated since the rendition of the judgment, as for instance, pay *255 ment of the judgment and the issuance of an execution thereafter. In both instances it is the exercise of p( wer by a superior over an inferior court, and the process necessary for the purpose must always be issued by the order of the superior, except where it is otherwise provided for by law. The county court when it had jurisdiction of the trial of causes, was superior to a justice of the peace, and the circuit court to both. When a judgment was rendered by a justice, it was subject to correction by writs of certiorari and supersedeas by both the county and circuit court; but the power of the county court, could only be exercised for this purpose in term time, as no one justice or number of justices out of term time could constitute such court, they having no farther power than was given them by law as justices of the peace, except when assembled for the purpose of holding a county court under the provisions of the statutes creating such court. It then necessarily follows that no one or more justices of the peace had the power, except it were given by express enactment, to cer-tiorari or supersede the judgment of a justice of the peace, because they were all equal in power and had concurrent jurisdiction over the same cases.
It becomes necessary then to enquire what power has been given by statute to justices of the peace over this subject. The act of 1801, c 7, § 4, provides that “when any person shall make application for a writ of certiorari and supersedeas to remove the proceedings of a justice of the peace in any cause which has been determined, the party petitioning for such writ, shall state his reasons on oath within twenty days after the date of the judgment before any two justices of the peace, and if upon examination, such reasons should be sufficient, said justices shall direct the clerk of the county court to issue writs accordingly.”. No one has ever doubted since the passage of this statute, that it was only intended to apply to cases where the party was dissatisfied with the judgment, and wished a new trial on its merits, and not to cases where the judgment was correct, but from causes arising after its rendition ought not to be enforced. When the writ of certiorari and supersedeas is used in the place of an audita querela, the cause Is not removed from the inferior to the superior court. *256 ^10u§^ un^er statutory provisions, judgment may some-in such cases be given in the superior court, if the su-persedeas be discharged; yet a writ oí procedendo maybe, and • • frequently of necessity is, awarded to the inferior tribunal, which could not be done if the proceeding were removed by the certiorari. It is only in cases where the judgment is sought to be re-examined, that the proceedings are removed by the certiorari, in which case no procedendo ever was or ever can be awarded.
The act of 1833, c 65, § 2, provides that “two justices may grant a certiorari and supersedeas to remove the judgment and proceedings of justices of the peace returnable to the circuit court of their county, subject to the same rules as now regulate certiorari’s as granted by a circuit court.” Wo are of the opinion, that this statute was only intended to apply to cases where the proceeding by writs of certiorari and su-persedeas is substituted in place of an appeal, and a new trial asked on the merits of the case. The statute uses the words, “remove the judgment and proceedings of justices of the peace.” This, as has been observed, is never done when the judgment is not complained of, but relief is only sought from an unjust or illegal execution of it. At the time of the pa? sage of this statute, a party against whom a justice of the peac had rendered a judgment, had the right to appeal either to the county or circuit court, but if by any accident he were p vented from appealing and was forced to resort to his petitior for writs of certiorari and supersedeas as a substitute therefor, he was compelled either to take it to the county court by ap plication to two justices within twenty days, or to apply to > circuit judge at chambers, which frequently producedmuch de lay and inconvenience, to remedy which this statute was pas sed, authorising justices of the peace to issue writs of certio-rari and sup'ersedeas, returnable to the circuit court, which when there, were to be governed by the same rules and regulations as those granted by the circuit court. The supreme court in the case of Dixon vs. Caruthers, 9 Yer. Rep. 30, has determined that this statute does not extend the time within which application must be made to two justices, to wit, twenty days, but only authorises them to send the case at the *257 election of the party, either to the county or circuit court. It will be seen, then, that weare of opinion that neitherof these statutes gives to justices of the peace the power to award the issuance of writs of certiorari, and supersedeas, which are to be used in the place of an audita querela — an attempt to 'do so is illegal and void. The circuit courts exercise this power, not by virtue of positive enactment, but by virtue of the general jurisdiction with which they are vested, and the control which they necessarily have the right of exercising over the proceedings of inferior tribunals.
In the case now under consideration, two justices of the peace have suspended an execution upon the ground that it had been paid after the rendition of the judgment. This is illegal, and the supersedeas ought to have been discharged. "VVe therefore reverse the judgment of the circuit court, and award a procedendo to the justice who issued the execution.
Judgment reversed.